**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

DONALD TRUMP, et al.,

       Appellants,

v.

HILLARY CLINTON, et al.,

       Appellees.

**No. 22-13410-HH
Cons. With Nos: 22-14099-
HH and 23-10387-J**

**APPELLANTS' MOTION FOR JUDICIAL NOTICE
OR IN THE ALTERNATIVE MOTION FOR STAY**

i

# TABLE OF CONTENTS

TABLE OF CONTENTS........................................................................i

TABLE OF AUTHORITIES ...............................................................ii

APPELLANTS' CERTIFICATE OF INTERESTED PERSONS

    AND CORPORATE DISCLOSURE STATEMENT ...............................iii

**MOTION FOR JUDICIAL NOTICE**

    **OR IN THE ALTERNATIVE MOTION FOR STAY**...........................1

**BACKGROUND** ...........................................................................2

**ARGUMENT** ...............................................................................3

    1.   Judicial notice of the Durham Report is entirely appropriate ...............3

    2.   The Facts in the Durham Report Necessitate Judicial Notice...............9

    3.   Alternatively, Staying All Procedures is Proper ...................12

CONCLUSION ..............................................................................13

CERTIFICATE OF COMPLIANCE .................................................15

CERTIFICATE OF SERVICE..........................................................16

# TABLE OF AUTHORITIES

## Cases

*Bryant v. Carleson,*

    444 F.2d 353, 357 (9th Cir. 1971) .......................................................... 6

*Coney v. Smith,*

    738 F.2d 1199, 1200 (11th Cir. 1984) ............................................... 4, 5

*Franken v. Mukamal,*

    449 Fed. App'x 776, 779 n.2 (11th Cir. 2011).................................... 12

*K.T. v. Royal Caribbean Cruises, Ltd.,*

    931 F.3d 1041, 1047−48 (11th Cir. 2019) (Carnes, C.J., concurring) ........... 4, 5, 6

*Landy v. Federal Deposit Ins. Corp.,*

    486 F.2d 139, 151 (3d Cir. 1973) .......................................................... 6

*Rothenberg v. Sec. Mgmt. Co., Inc.,*

    667 F.2d 958, 960 (11th Cir. 1982) ............................................... 4, 5, 6

*Terrebonne v. Blackburn,*

    646 F.2d 997, 1000 n.4 (5th Cir. 1981) ................................................ 5

*United States v. Barton,*

    909 F.3d 1323 (11th Cir. 2018) ............................................................ 6

*United States v. Greer,*

    440 F.3d 1267, 1272 (11th Cir. 2006) .................................................. 6

*United States v. MacAndrew*,

  2023 WL 196132, at *2 n.1 (D.D.C. Jan. 17, 2023) ........................................... 4, 6

## Other Authorities

U.S. Dept. of Justice, Office of Special Counsel John H. Durham, *Report on Matters*

  *Related to Intelligence Activities and Investigations Arising Out of the 2016 Presidential*

  *Campaigns* (May 12, 2023) ...................................................................... 2, 9, 10, 11

## Rules

11th Cir. R. 12.1-1 ............................................................................................. 12

Fed. R. App. P. 12.1 ........................................................................................... 12

Fed. R. Civ. P. 62.1 ............................................................................................ 12

Fed. R. Evid. 201 ................................................................................................. 4

Fed. R. Evid. 201(d) ............................................................................................ 4

## APPELLANTS' CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellants Donald J. Trump, Alina Habba, Michael T. Madaio, Habba Madaio & Associates, Peter Ticktin, Jamie Alan Sasson, and The Ticktin Law Group include this Certificate of Interested Persons and Corporate Disclosure Statement, listing the parties and entities interested in this appeal, as required by 11th Cir. R. 26.1. Appellants certify that this is a complete list.

ABC Corporations

Aytch, Enjolique Dion

Barry, Stephen

Barzee, William R.

Berkowitz, Sean M.

Berman, Joshua Adam

Binnall, Jesse R.

Bosworth, Michael S.

Brozinsky, Noah

Ceresney, Andrew J.

Clattenburg, Rachel

Clinesmith, Kevin

Clinton, Hillary R.

Comey, James

Crenny, Kevin P.

Crowley, Shawn Geovjian

Danchenko, Igor

Democratic National Committee

DNC Services Corporation

Does' John

Dolan, Jr., Charles Halliday

Doumar, George R.A.

Eisen, Allison

Elias, Marc

Epps, Alexandra N.

Erickson-Pogorzelski, Anthony

Fassbender, Diana Marie

Feldman, Maximillian

Fels, Adam Seth

Fritsch, Peter

Fusion GPS

Garcez, Isabela M.

Garza, Kathryn E.

Gillenwater, James E.

Gonzalez, Juan Antonio

Greenberg, Gerald Edward

Habba, Alina

Habba Madaio & Associates

Harrington, Howard J.

Hart, Nancy

HFAAC, Inc.

Houlihan, Michael F.

Hunt, Patrick, Honorable

Janda, Sean R.

Joffe, Rodney

Kaplan, Roberta A.

Kastrenakes, Eleni Sevasti

Kendall, David Evan

Kiyonaga, Paul Y.

Klauber, Debra

Letter, Douglas

Levine, Jonathan Edward

Levy, Joshua

Lipshultz, Zachary Andrew

Madaio, Michael T.

Markus, David Oscar

Martinez, Roberto

McCabe, Andrew

McCarthy, John

McNichols, John Marcus

Meeks, Katherine Moran

Mestitz, Michael

Middlebrooks, Donald M. Honorable

Monsour, Jr. Franklin George

Mook, Robert E.

Muha, Christopher

Neuman, Sarah E.

Neustar Security Services

Neustar, Inc.

Ohr, Bruce

Ohr, Nellie

Olmedo-Rodriguez, Jennifer

Orbis Business Intelligence, Ltd.

Otterberg, April A.

Page, Lisa

Peacock, Benjamin

Perkins Coie, LLC.

Pettis, Eugene K.

Pinto, Paola

Pittard, William

Podesta, John

Reines, Phillipe

Reilly, Wendy B.

Roberts, Jared Joseph

Rosenstein, Rod

Sainvil, Akiesha Renee Gilcrist

Salzman, Joshua M

Sasson, Jamie Alan

Schar, Reid J.

Schiff, Adam

Schultz, Deborah Wasserman

Sigler, Geoffrey M.

Simpson, Glenn

Soto, Edward

Southall, Samantha

Steele, Christopher

Stekloff, Brian L.

Strzok, Peter

Sullivan, Jake

Sussman, Michael

Terrell, Stephen R.

The Ticktin Law Group

Ticktin, Peter David

Touhey, James G.

Trout, Robert P.

Trump, Donald J.

Turner, Katherine M.

Tyrrell, Steven

United States of America

Warin, Francis Joseph


Neustar, Inc. is a wholly owned subsidiary of TransUnion, which is a publicly traded entity at NYSE:TRU.

## MOTION FOR JUDICIAL NOTICE
## OR IN THE ALTERNATIVE MOTION FOR STAY

The recent release of the Durham Report seismically alters the legal landscape of this case. While the district court previously held that President Trump and his counsel made frivolous factual and legal allegations, the Durham Report corroborates many facts and allegations about which the district court expressed skepticism. Notably, the Durham Report outlines the role that each RICO Appellee played to harm President Trump, and directly contradicts factual claims previously made by certain Appellees before the district court. This new evidence more than confirms the plausibility of President Trump's Amended Complaint; it is enough to surpass the motion to dismiss threshold and makes any award of sanctions wholly inappropriate.

Many of the Appellees oppose this Court's consideration of the Durham Report, and understandably so; it is devastating to their case. For even if they disagree with the findings of the report, the inescapable conclusion is that the district court was hasty in dismissing the case and simply wrong to impose sanctions. Accordingly, Appellants Donald J. Trump, Alina Habba, Michael T. Madaio, Habba Madaio & Associates, Peter Ticktin, Jamie Alan Sasson, and The Ticktin Law Group respectfully request that this Court take judicial notice of the Durham Report, or in the alternative, stay all proceedings in this case to allow for Appellants

to promptly make a Rule 62.1 motion for an indicative ruling in the district court. Appellees oppose this motion.

## BACKGROUND

The district court issued three orders that have since been consolidated into one for this appeal. On September 9, 2022, the district court dismissed President Trump's Amended Complaint with prejudice. Then, on November 10, 2022, the district court awarded Rule 11 sanctions to Appellee Dolan against President Trump's counsel, Alina Habba, Michael T. Madaio, Habba, Madaio, & Associates, Peter Ticktin, Jamie Alan Sasson, and The Ticktin Law Group. Finally, on January 19, 2023, the district court awarded sanctions to the remaining Appellees against President Trump, Alina Habba, and Habba, Madaio, & Associates.

On May 12, 2023, the government released the *Report on Matters Related to Intelligence Activities and Investigations Arising Out of the 2016 Presidential Campaigns*, authored by Special Counsel John H. Durham ("Durham Report"), which is the most comprehensive and current report on the investigation into the origin and maintenance of the Crossfire Hurricane investigation. U.S. Dept. of Justice, Office of Special Counsel John H. Durham, *Report on Matters Related to Intelligence Activities and Investigations Arising Out of the 2016 Presidential Campaigns* (May 12, 2023). Given the crossover between those events and the events alleged in President Trump's Amended Complaint, the Durham Report provides important context and support

to President Trump's prior legal and factual claims. Accordingly, President Trump and his counsel below bring this motion so this Court may fully consider the merits and factual basis of President Trump's Amended Complaint, showing that the underlying claims were plausible and that the award of sanctions was wholly inappropriate.

## ARGUMENT

Judicial notice of the Durham Report by this Court is not only appropriate, it is necessary to promote justice and judicial economy. The rules of evidence and this Court's precedent support the taking of judicial notice of an agency report like the Durham Report. This is especially true in a case like this where the circuit court is on equal footing with the district court to evaluate the report, and failure to take judicial notice would require filing a Rule 62.1 motion in the district court, which would result in needless expense of time and attorneys' fees since the issue would ultimately end up back with the Circuit Court, regardless of outcome.

### 1. Judicial notice of the Durham Report is entirely appropriate.

The Durham Report, released less than a month ago, provides a comprehensive investigative report by a United States agency into the origin of the Crossfire Hurricane investigation of President Trump, his campaign, and his associates. It qualifies as an agency report of which a court may take judicial notice, just like the District Court for the District of Columbia recently did with respect to

the Final Report of the Select Committee to Investigate the January 6th Attack on the United States Capitol ("January 6 Report"). *See United States v. MacAndrew*, 2023 WL 196132, at *2 n.1 (D.D.C. Jan. 17, 2023). Here, the Durham Report is far more than a report from a congressional committee, which is obviously politicized. Instead, it is the culmination of a years-long multinational investigation by respected federal prosecutors and investigators. At the very least, it shows the basis for plausibility and the complete absence in frivolity of Appellant's Amended Complaint.

More importantly, however, the rules of evidence and Eleventh Circuit cases show that judicial notice is appropriate, even in a case like this where the issues on appeal might have different standards of review, including abuse of discretion. *See* Fed. R. Evid. 201(d); *K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1047–48 (11th Cir. 2019) (Carnes, C.J., concurring); *Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir. 1984); *Rothenberg v. Sec. Mgmt. Co., Inc.*, 667 F.2d 958, 960 (11th Cir. 1982).

As an initial matter, Federal Rule of Evidence 201(d) allows judicial notice "at *any* stage of the proceeding." (emphasis added). Under Rule 201, a court may take judicial notice of any adjudicative fact "that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

Specifically, with respect to agency reports, such as the Durham Report at issue, the Eleventh Circuit has taken judicial notice, citing a Fifth Circuit case for the premise that "[a]bsent some reason for mistrust, courts have not hesitated to take judicial notice of agency records and reports." *Royal Caribbean*, 931 F.3d at 1047–48 (Carnes, C.J., concurring) (citing *Terrebonne v. Blackburn*, 646 F.2d 997, 1000 n.4 (5th Cir. 1981)).

In *Coney*, this Court held that "[a]lthough the state court proceedings on the suppression issue were not made a part of the record before the district court, we may take judicial notice of the same." *Coney*, 738 F.2d at 1200. In that case, the plaintiff, who previously pleaded guilty in a criminal action, brought a claim under Section 1983, claiming that his conviction was based on an illegal arrest and search. *Id*. at 1199. Prior to pleading guilty, however, the plaintiff litigated whether the arrest and search was illegal. *Id*. at 1200. Despite this proceeding not being before the district court, this Court took judicial notice of those proceedings in upholding the dismissal of the claim under the doctrine of collateral estoppel. *Id*.

*Rothenberg* was before this Court on abuse of discretion review for dismissing the plaintiff's derivative action, in a case where the plaintiff had also filed a separate, individual action. *Rothenberg* 667 F.2d at 960. This Court took judicial notice of the fact that the plaintiff's individual lawsuit was later dismissed because appellate courts are free to take judicial notice of "subsequent developments in cases that are a matter

of public record and are relevant to the appeal." *Id*. at 961 n.8. In coming to this conclusion, this Court cited the Third and Ninth Circuits, which had taken judicial notice of subsequent legal filings, proceedings, court decisions, and government reports. *Id*. (citing *Bryant v. Carleson*, 444 F.2d 353, 357 (9th Cir. 1971) and *Landy v. Federal Deposit Ins. Corp.*, 486 F.2d 139, 151 (3d Cir. 1973)). *See also United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006) (taking judicial notice of where a county seat is located for venue purposes); *Royal Caribbean*, 931 F.3d at 1048 (Carnes, C.J., concurring) (citing *Coney* and *Greer* for the premise that courts can take judicial notice at any point in a proceeding).

In this case, like *Royal Caribbean, Coney*, and *Rothenberg*, the Durham Report represents a subsequent development that is a matter of public record of which this Court may take judicial notice. In particular, like *Royal Caribbean*, the information in the Durham Report derives from a source whose reliability is not reasonably questioned. *See also MacAndrew*, 2023 WL 196132, at *2 n.1 (taking judicial notice of the January 6th Report).

Additionally, in this case, no fact-finding or evidentiary hearing was conducted by the district court at any point. Therefore, this Court stands on equal footing with the district court as being readily capable of taking notice of the subsequent developments and information contained within the Durham Report. *Cf. United States v. Barton*, 909 F.3d 1323, 1327, 1330–32, 1336 (11th Cir. 2018) (emphasizing that in

a case where the district court had conducted a two-day, fact-intensive *Daubert* hearing, the deference owed to the fact-finding of the district court was particularly significant).

Not only did the district court conduct no evidentiary hearing, it made conclusory findings as to the plausibility of the allegations of the Amended Complaint. For example, after citing the many paragraphs of the Amended Complaint dealing with Mr. Comey's conduct as the FBI director, the district court concluded that "the implausible claim that Mr. Comey conspired with Ms. Clinton, given the impact of his announcements on her 2016 campaign, not only lacks substance, but is *categorically absurd*."  Doc. No. 302. (emphasis added). This was a political conclusion. It is not *categorically absurd* to believe that Defendant Comey, as the FBI Director with a legacy and reputation to protect, would make the Clinton announcement in a way to do minimal damage to her campaign and preserve a semblance of impartiality on the part of the FBI, while still acting and conspiring to damage and derail President Trump's campaign. Indeed, the revelations of the Durham Report support the plausibility of this belief. The Durham Report indicates that Comey was aware of intelligence about a "Clinton Plan" to smear then-candidate Trump by affiliating him with Russia by August 3, 2016, at the latest, and potentially as early as July 29, 2016. Durham Report at 84–85. And yet, the FBI under Comey opened the Crossfire Hurricane investigation on July 31, 2016, based

upon unverified rumors about connections between the Trump campaign and Russia, and then kept it open, despite having no actual intelligence to support the rumors, and every reason to believe that the rumors were part of the Clinton Plan.

Judicial economy and efficiency also cry out for this Court to take judicial notice of the Durham Report. Here, the dismissal order, which is reviewed *de novo*, and the sanctions award are intertwined, and this Court should take judicial notice for consideration of the entire consolidated appeal rather than requiring any additional step of remand to the district court for only the sanctions aspect of the consolidated appeal. Such an additional step would cause needless expense of judicial and legal resources in a case where such expenditures are already a sticking point with the parties and the court.

A finding by this Court that the Durham Report supports the merits of the case under *de novo* review would necessarily undermine the sanctions findings. The intertwined nature of this consolidated appeal, plus the Eleventh Circuit precedent supporting judicial notice, even where the issue on appeal was reviewed on abuse of discretion, militate in favor of taking judicial notice of the Durham Report in this case. Given the substance of the Durham Report, it is also essential for this Court's evaluation of the issues on appeal.

### 2.  The Facts in the Durham Report Necessitate Judicial Notice.

The Durham Report fundamentally changes the landscape for both the merits of this appeal and the issues for sanctions, making judicial notice essential. As discussed above, the district court's motion to dismiss order and sanctions orders are intertwined. The district court found many of President Trump's factual allegations to be implausible when dismissing his Amended Complaint. As a result, the district court used this "implausibility" as an excuse to award sanctions. The Durham Report lends credence, however, to President Trump's factual claims, making the district court's dismissal order inappropriate, and in turn, making the sanctions orders inappropriate.

Importantly, the Durham Report outlines Appellee Dolan's role in the Steele dossier. As the Durham Report notes, "the June 20, 2016 Steele Report reflected facts that Dolan learned during the June Planning trip to Moscow." Durham Report at 145. In June 2016, Appellee Dolan stayed at the Ritz Carlton, received a tour of the hotel, and met with senior staff, including the hotel's general manager. *Id.* Notably, on June 15, 2016, Appellee Dolan sent an email stating, "I'm in Russia making plans to be adopted in the event this mad man [Trump] gets elected." *Id.* at 144. Because of all this, the Durham Report noted, "[i]n light of these facts, there appears to be a real likelihood that Dolan was the actual source of much of the Ritz Carlton and Pavlov information contained in the Steele Reports." *Id.* at 148.

9

In addition, "[t]he Steele Report contained information that Danchenko had gathered directly from Dolan." *Id.* at 150. In fact, Russian official Galinka told the FBI that "she provided Dolan with information that would eventually be in the Steele Reports." *Id.* at 172. During all of this, Appellee Danchenko even emailed Appellee Dolan looking for "rumor[s]" because he was "working on a 'project against Trump'". *Id.* at 150. While Appellee Dolan has continued to maintain that he only provided [false] information on Manafort's firing, the Durham Report acknowledged that allegations in the September 2016 Steele report "bore substantial similarities to information that Dolan received in May and August 2016," which included information beyond Manafort's firing. *Id.* at 154.

Additionally, the Durham Report found that at least some actors central to the Crossfire Hurricane investigation had a "clear predisposition" against President Trump which was not shared in their investigation, or lack of investigation of Clinton. Durham Report at 47. The FBI rapidly opened its investigation into President Trump's campaign, during the height of his campaign for president against Appellee Clinton, despite "not possess[ing] any intelligence showing that anyone associated with the Trump campaign was in contact with Russian intelligence officers at any point during the campaign." *Id.* at 59. In fact, the Report concluded that the FBI's investigation significantly relied on leads from President Trump's political opponents. *Id.* at 18. The Durham Report found that there was disparate

treatment in the way that the FBI handled candidates Trump and Clinton. Specifically, the Report found that the FBI acted considerably more favorably to Appellee Clinton's campaign than President Trump's campaign. *Id.* at 68–81. One example of this is that the FBI provided defensive briefings to the Clinton campaign, but not the Trump campaign. Durham Report at 298. Thus, much of President Trump's allegations were corroborated.

Beyond these factual issues, the Durham Report lends credence to President Trump's equitable tolling argument. During President Trump's entire term, he was forced to address allegations from a baseless investigation, largely perpetuated by Appellees. As the Durham Report now confirms, the FBI opened an investigation into President Trump without "any actual evidence." Durham Report at 8. The FBI did so swiftly, without evaluating any of the 'evidence' given to them, through agents with hostile feelings towards President Trump. *Id.* at 9. Had the FBI carefully analyzed the information given to them from persons such as Appellees, it would have realized that there was no evidence that President Trump or his campaign were involved with Russia. *Id.* Notably, at this same time, the FBI received intelligence from a trusted source "pointing to a Clinton campaign plan to vilify Trump by tying him to Vladimir Putin so as to divert attention from her own concerns relating to her use of a private email server." *Id.* at 10.

Given the importance of these facts towards the merits of President Trump's Amended Complaint, and their inability to be reasonably questioned, judicial notice is wholly appropriate. Accordingly, Appellants respectfully request that this Court take judicial notice of all facts contained within the Durham Report.

### 3. Alternatively, Staying All Procedures is Proper.

If this Court declines to take judicial notice of the Durham Report, then Appellants ask that this Court stay all proceedings so that Appellants may promptly make a Rule 62.1 motion in the district court for an indicative ruling. "A party proffering newly discovered evidence may obtain an indicative ruling from a district court concerning relief from judgment pending appeal." *Franken v. Mukamal*, 449 Fed. App'x 776, 779 n.2 (11th Cir. 2011) (citing Fed. R. Civ. P. 62.1; Fed. R. App. P. 12.1).

Pursuant to 11th Cir. R. 12.1-1, "[a] party who files a motion in the district court that the district court lacks authority to grant because an appeal is pending must, within 14 days after filing the motion, serve and file a motion in this court to stay the appeal until the district court rules on the motion before it." Thus, if this Court declines to take judicial notice of the Durham Report, Appellants respectfully request that this Court stay all proceedings while Appellants file for an indicative ruling in the district court.

As discussed, however, this Court is just as a capable of giving judicial notice as the district court, and, therefore, such a motion in the district court should be unnecessary and superfluous. Requiring the additional step of filing with the district court would create a tremendous burden on all parties, and regardless of the district court's determination, the issue would end up in front of this Court once again. This Court has the authority and the ability to bypass that extra step.

## CONCLUSION

The Federal Rules of Evidence authorize this Court to take judicial notice of the Durham Report. Given the Durham Report's significance on the outcome of this case, Appellants ask that this Court do just that. Alternatively, should this Court decline to take judicial notice, Appellants respectfully request that the Court stay all proceedings in this appeal so that they can make a motion for an indicative ruling in the district court.

Dated: June 9, 2023                    Respectfully, submitted

                                       */s/ Jesse R. Binnall*
                                       Jesse R. Binnall
                                       Jared J. Roberts
                                       BINNALL LAW GROUP, PLLC
                                       717 King Street, Suite 200
                                       Alexandria, Virginia 22314
                                       Phone: (703) 888-1943
                                       Fax: (703) 888-1930
                                       Email: jesse@binnall.com
                                             jared@binnall.com

*Counsel for Donald J. Trump, Alina Habba, Michael T. Madaio, Habba Madaio & Associates, Peter Ticktin, Jamie Alan Sasson, and The Ticktin Law Group*

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that this document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(a) because this document contains 2,990 words.

Undersigned counsel further certifies that this document this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14 font size and Baskerville font.

Dated: June 9, 2023                              Respectfully Submitted,

                                                 _/s/ Jesse R. Binnall_____
                                                 Jesse R. Binnall

15

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2023, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

_/s/ Jesse R. Binnall_
Jesse R. Binnall