IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

Nos. 22-13410, 22-14099 & 23-10387

Donald J. Trump et al.,

*Appellants*

v.

Hillary R. Clinton et al.,

*Appellees*

On Appeal from the United States District Court
for the Southern District of Florida,
Case No. 22-cv-14102 (Hon. Donald M. Middlebrooks)

## APPELLEES' OPPOSITION TO
## MOTION FOR JUDICIAL NOTICE OF THE DURHAM REPORT

GIBSON, DUNN & CRUTCHER LLP
F. JOSEPH WARIN
KATHERINE MORAN MEEKS
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539
fwarin@gibsondunn.com

NANCY E. HART
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.6273
nhart@gibsondunn.com

*Attorneys for Appellee*
*Perkins Coie LLP*

(*Additional Parties and Counsel Listed on Signature Pages*)

## TABLE OF CONTENTS

Page

INTRODUCTION.................................................................1

BACKGROUND ...............................................................2

ARGUMENT ....................................................................5

    I.    The Durham Report Adds Nothing New and Will Not Change the Outcome of the Appeal. ......................................6

    II.   Appellants Cannot Satisfy Rule 201(b)'s Requirements for Judicial Notice Because the Durham Report's Findings Are Subject to Dispute..........................................12

    III.  Appellants Have No Basis for a Stay to Obtain an Indicative Ruling from the District Court. ...........................17

CONCLUSION ................................................................18

# TABLE OF AUTHORITIES

<u>Page(s)</u>

## CASES

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................. 7

*Blash v. City of Hawkinsville & Pulaski Cnty.*,
  2018 WL 2247246 (M.D. Ga. May 16, 2018) ..................................... 14

*Chavez v. Sec'y Fla. Dep't of Corr.*,
  647 F.3d 1057 (11th Cir. 2011) ............................................. 11

*Coney v. Smith*,
  738 F.2d 1199 (11th Cir. 1984) ............................................. 15

*CSX Transp., Inc. v. City of Garden City*,
  235 F.3d 1325 (11th Cir. 2000) ............................................. 6

*First Ala. Bank of Montgomery, N.A. v. Parsons Steel, Inc.*,
  825 F.2d 1475 (11th Cir. 1987) ............................................. 8

*Grayson v. Warden, Comm'r, Ala. Dep't of Corr.*,
  869 F.3d 1204 (11th Cir. 2017) ....................................... 12, 16

*Lodge v. Kondaur Cap. Corp.*,
  750 F.3d 1263 (11th Cir. 2014) ............................................ 12

*Rothenberg v. Security Management Co.*,
  667 F.2d 958 (11th Cir. 1982) ............................................. 15

*Shahar v. Bowers*,
  120 F.3d 211 (11th Cir. 1997) ............................................. 13

*Stansell v. Revolutionary Armed Forces of Colombia*,
  45 F.4th 1340 (11th Cir. 2022) ............................................ 6

*United States v. Hernandez*,
  626 F. App'x 900 (11th Cir. 2015) ........................................ 7

*United States v. Jones,*
    29 F.3d 1549 (11th Cir. 1994) ........................................................ 2, 15

*United States v. MacAndrew,*
    2023 WL 196132 (D.D.C. Jan. 17, 2023) ........................................ 16

*United States v. Morton,*
    993 F.3d 198 (3d Cir. 2021) ............................................................ 11

*In re Zantac (Ranitidine) Prods. Liab. Litig.,*
    2023 WL 2325536 (S.D. Fla. Mar. 2, 2023) .................................... 17

**STATUTE**

18 U.S.C. § 1512 ................................................................................ 8, 9

**RULES**

Fed. R. Civ. P. 62.1 .............................................................................. 17

Fed. R. Evid. 201 .......................................................................... *passim*

**OTHER AUTHORITIES**

John H. Durham, *Report on Matters Related to Intelligence*
    *Activities and Investigations Arising Out of the 2016*
    *Presidential Campaigns* (May 12, 2023) ................................... *passim*

Nate Cohn, *Did Comey Cost Clinton the Election?*
    *Why We'll Never Know*, N.Y. Times (June 14, 2018) ............................ 8

## CERTIFICATE OF INTERESTED PERSONS

Appellees file this Certificate of Interested Persons listing the parties and entities interested in this appeal, as required by 11th Cir. R. 26.1.

ABC Corporations

Aytch Lett, Enjolique Dion

Barry, Stephen

Barzee, William R.

Berkowitz, Sean M.

Berman, Joshua Adam

Binnall, Jesse R.

Ceresney, Andrew J.

Clattenburg, Rachel

Clinton, Hillary R.

Crenny, Kevin P.

Crowley, Shawn Geovjian

Danchenko, Igor

Democratic National Committee

DNC Services Corporation

Does, John

Dolan, Jr., Charles Halliday

Doumar, George R.A.

Eisen, Allison

Elias, Marc

Erickson-Pogorzelski, Anthony

Fassbender, Diana Marie

Feldman, Maximillian

Fels, Adam Seth

Fritsch, Peter

Fusion GPS

Garcez, Isabela M.

Garza, Kathryn E.

Gillenwater, James E.

Gonzalez, Carmen Iguina

Greenberg, Gerald Edward

Habba, Alina

Habba Madaio & Associates

Harrington, Howard J.

Hart, Nancy E.

HFACC, Inc.

Howard, Eleni Kastrenakes

Hunt, Honorable Patrick

Joffe, Rodney

Kaplan, Roberta A.

Kendall, David Evan

Klauber, Debra Potter

Levine, Jonathan Edward

Levy, Joshua

Lipshultz, Zachary Andrew

Madaio, Michael T.

Markus, David Oscar

Martinez, Roberto

McNichols, John Marcus

Meeks, Katherine Moran

Mestitz, Michael

Middlebrooks, Honorable Donald M.

Monsour, Jr., Franklin George

Mook, Robert E.

Neuman, Sarah E.

Neustar Security Services

Neustar, Inc.

Ohr, Bruce

Ohr, Nellie

Olmedo-Rodriguez, Jennifer

Orbis Business Intelligence, Ltd.

Otterberg, April A.

Peacock, Benjamin

Perkins Coie LLP

Pettis, Eugene K.

Pinto, Paola

Podesta, John

Reines, Phillipe

Reilly, Wendy B.

Roberts, Jared Joseph

Sainvil, Akiesha Renee Gilcrist

Sasson, Jamie Alan

Schar, Reid J.

Schultz, Deborah Wasserman

Sigler, Geoffrey M.

Simpson, Glenn

Soto, Edward

Southall, Samantha

Steele, Christopher

Stekloff, Brian L.

Sullivan, Jake

Sussmann, Michael

Terrell, Stephen R.

Ticktin Law Group

Ticktin, Peter David

Trout, Robert P.

Trump, Donald J.

Turner, Katherine M.

Tyrrell, Steven

Warin, Francis Joseph

## INTRODUCTION

This Court should deny the motion of former President Donald J. Trump and his lawyers ("Appellants") to take judicial notice of Special Counsel John Durham's report concerning the FBI's Crossfire Hurricane investigation. The Durham Report would not assist the Court in resolving this appeal because it offers no new facts that could possibly salvage Mr. Trump's "frivolous" claims. Dist. Ct. Dkt. 302, at 6. The 306-page, single-spaced report rehashes allegations already contained in the complaint—many of them concerning FBI defendants who are no longer parties to this case—while doing nothing to cure the legal defects that warranted dismissal on the merits. The district court accepted Appellants' shotgun allegations as true, Dist. Ct. Dkt. 267, at 22, but nevertheless dismissed the complaint and imposed sanctions because Appellants' claims were "not warranted under existing law," *id.* at 4, were "foreclosed by existing precedent," *id.*, were barred on the face of the complaint by the statute of limitations, *id.* at 23, and were rife with other "fatal substantive defects that preclude[d] Plaintiff from proceeding under any of the theories he has presented," *id.* at 62. The Durham

Report cannot retroactively render Appellants' legal arguments more colorable or their decision to pursue this case more reasonable.

Judicial notice is also inappropriate because the Durham Report's findings and conclusions are themselves highly contested. Under Federal Rule of Evidence 201(b), federal courts may take judicial notice only of "a fact that is not subject to reasonable dispute," a category that does *not* include allegations from other court or agency proceedings offered for their truth. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). Among other contested facts, the Durham Report recites information from the criminal indictments the special counsel brought against two Appellees—both of whom were acquitted by unanimous juries. Neither these failed indictments nor other unproven allegations in the Durham Report demonstrate the "plausibility" of Mr. Trump's allegations or suggest that his claims have any legal merit. Mot. 7.

## BACKGROUND

Six years after the 2016 presidential election, former President Trump brought a 193-page complaint alleging that Hillary Clinton—the candidate he defeated—and others formed a RICO enterprise and committed various crimes and torts in an effort to derail his candidacy.

The district court dismissed the claims against these defendants with prejudice and imposed nearly $1 million in sanctions on Mr. Trump and his counsel, concluding they had "recklessly advanced claims foreclosed by existing precedent" and "consistently misrepresented" the contents of the Mueller Report and other public documents that supposedly bolstered their claims.  Dist. Ct. Dkt. 302, at 14, 19.  As to Mr. Trump specifically, the district court found that these "frivolous" claims were only the latest example in a "pattern of misusing the courts to serve political purposes." *Id.* at 6, 21.

After the district court dismissed the complaint, nine months elapsed before Appellants filed their opening brief on appeal.  Near the end of that nine-month period, Special Counsel John Durham released a 306-page report memorializing the results of his investigation into whether FBI agents violated the law as they investigated Russian interference in the 2016 presidential election.  *See* John H. Durham, *Report on Matters Related to Intelligence Activities and Investigations Arising Out of the 2016 Presidential Campaigns* 5 (May 12, 2023) ("Durham Report").

Specifically, the Durham Report examined the circumstances that led to the opening of the FBI's Crossfire Hurricane investigation, which targeted four individuals associated with the Trump campaign. Durham Rep. 10. The Durham Report criticized the FBI for opening Crossfire Hurricane based on a tip from Australian diplomats that "there might be some type of collusion between the Trump campaign and the Russians," without vetting that information through intelligence agencies. *Id.* The report also concluded that at least one FBI agent associated with Crossfire Hurricane had "pronounced hostile feelings toward Trump." *Id.* at 9. In the special counsel's view, the FBI also exhibited an "over-willingness to rely on information from individuals connected to political opponents" as Crossfire Hurricane progressed. *Id.* at 18. The Durham Report did not, however, recommend any changes to FBI "guidelines and policies" as a result of the special counsel's investigation. *Id.*

The Durham Report also addressed a supposed plan by the Clinton campaign "to stir up a scandal" by tying Mr. Trump to President Vladimir Putin of Russia. Durham Rep. 81. The report noted that these allegations against the Clinton campaign originated with "Russian intelligence" and "may reflect exaggeration or fabrication." *Id.* To the

extent such a plan existed, the special counsel found nothing untoward or even unusual about these ordinary campaign tactics. "To be clear," the Durham Report stated, "the Office did not and does not view the potential existence of a political plan by one campaign to spread negative claims about its opponent as illegal or criminal *in any respect*." Durham Rep. 82 n.393 (emphasis added). To the contrary, "opposition research is commonplace in Washington, D.C." and "is not a basis in and of itself for criminal liability." *Id.*

## ARGUMENT

This Court should deny Appellants' motion for judicial notice of the Durham Report for two independent reasons. First, the Durham Report would add 306 single-spaced pages to a record already "filled with immaterial, conclusory facts," Dist. Ct. Dkt. 302, at 7, while doing nothing to salvage Mr. Trump's legally deficient claims. Second, the report contains disputed facts and allegations that are not proper subjects of judicial notice under Federal Rule of Evidence 201(b). Appellants' alternative argument that the Court should stay the appeal to allow them to seek an indicative ruling from the district court also lacks merit.

## I.   The Durham Report Adds Nothing New and Will Not Change the Outcome of the Appeal.

Federal appeals courts ordinarily confine their review only to facts and allegations contained in the district court record. *Stansell v. Revolutionary Armed Forces of Colombia*, 45 F.4th 1340, 1348 (11th Cir. 2022) ("we are a court of review, not a court of first view" (cleaned up)). Only "rarely," in "the interests of justice," does the Court exercise its authority to supplement the record on appeal. *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000). A "primary factor" the Court considers in its analysis "is whether acceptance of the proffered material into the record would establish beyond any doubt the proper resolution of the pending issues." *Id.* Appellants cannot satisfy that standard because the Durham Report rehashes allegations already contained in the complaint and cannot cure the fundamental defects in Appellants' legal theories.

Although Appellants assert that the Durham Report "seismically alters the legal landscape of this case," Mot. 1, their opening brief on appeal tells a different story. There, Appellants concede that "the district court did not need the Durham Report" because it contained "mostly public facts." Appellants' Br. 62. For example, Appellants assert that

the Durham Report makes "clear" that "Appellee Comey," the former director of the FBI, "was actually aware of intelligence on a Clinton campaign plan to smear President Trump by associating him with Vladimir Putin." *Id.* at 61. But the complaint already contained that precise allegation, citing to a *Washington Times* article reporting that Comey supposedly knew that the Clinton campaign "was planning to blame 'collusion' between Trump and the Russian government." Am. Compl. ¶ 402(a).

Appellants point to no new facts in the Durham Report not already contained in the district court record—much less facts that would change the outcome of this case. Their position, instead, is that the Court should notice the Durham Report because it "corroborates" allegations already reflected in the complaint. Mot. 1. But no corroboration is required at the pleading stage because federal courts are required to "accept[]" any well-pleaded facts alleged in the complaint "as true" for purposes of the motion to dismiss, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the district court did exactly that below. Dist. Ct. Dkt. 267, at 22. This Court has no need to consider the Durham Report when the complaint "already reflects the relevant content" contained in that report. *United States v.*

- 7 -

*Hernandez*, 626 F. App'x 900, 901 n.1 (11th Cir. 2015); *see also First Ala. Bank of Montgomery, N.A. v. Parsons Steel, Inc.*, 825 F.2d 1475, 1487 (11th Cir. 1987) (denying motion to supplement record when the "fact" at issue was "already clear from the record").

Appellants respond that the Durham Report bolsters their claims because the district court found their allegations "implausible." Mot. 9. To be sure, the district court remarked on the absurdity of Mr. Trump's allegation that Comey—whose damaging letter to Congress undercut Mrs. Clinton's campaign days before the 2016 election—was in fact her co-conspirator. Mot. 7; *see also* Nate Cohn, *Did Comey Cost Clinton the Election? Why We'll Never Know*, N.Y. Times (June 14, 2018). But the district court dismissed the complaint because Mr. Trump failed adequately to allege almost every element of his causes of action, and many of his claims were barred by precedent—not because the factual allegations were farfetched. For example, the district court held that Mr. Trump failed to plead obstruction of justice, one of his RICO predicate acts, because Crossfire Hurricane did not qualify as an "official proceeding" within the meaning of 18 U.S.C. § 1512(c). Dist. Ct. Dkt. 267, at 32. Whatever conclusions the Durham Report reached about Crossfire

Hurricane, they would not change the district court's *legal* conclusion that "official proceedings" are "limited to federal judicial cases" or formal "proceedings before Congress or a federal agency" and do not include FBI investigations. *Id.* Appellants do not even challenge that conclusion on appeal.

Similarly, Appellants contend that the Durham Report supports their claims because it concluded that certain FBI personnel had "a 'clear predisposition' against President Trump" and "acted considerably more favorably" to Mrs. Clinton's campaign than to Mr. Trump's. Mot. 10–11. But even if those findings had merit, they could not possibly change the outcome of this appeal because the FBI defendants (including "Appellee Comey") are no longer parties to this case. The district court dismissed the claims against the FBI defendants for failure to exhaust, Dist. Ct. Dkt. 267, at 14, and Mr. Trump has not challenged that decision on appeal. The allegations in the Durham Report concerning alleged FBI favoritism are therefore irrelevant to the issues before this Court.

The Durham Report also provides no basis to relieve Appellants from the sanctions orders. The district court imposed those penalties because Appellants brought claims foreclosed by precedent,

misrepresented the contents of various government records, and (as to Mr. Trump) repeatedly misused the federal courts for political ends. *See* p. 3, *supra*. Appellants have failed to explain how the Durham Report in any way alters that analysis. To the contrary, the motion for judicial notice itself exemplifies the very sort of problems that compelled the district court to levy sanctions.

At the outset, the motion misrepresents the Durham Report as a "comprehensive" look into "the origin of the Crossfire Hurricane investigation *of President Trump*." Mot. 3 (emphasis added). But Crossfire Hurricane did not target Mr. Trump, nor did the Durham Report so indicate. Like the Department of Justice Inspector General's Report before it,[1] the Durham Report made clear that Crossfire Hurricane concerned "individual(s) associated with the Trump campaign," but not the candidate himself. Durham Rep. 51; *see also id.* at 10, 64, 295 (noting Crossfire Hurricane included investigations of Trump associates George Papadopoulos, Carter Page, Michael Flynn,

---

[1] The Department of Justice's Office of the Inspector General conducted an inquiry into Crossfire Hurricane and concluded, in a report incorporated by reference into the complaint, that the FBI had "adequate factual predication" for launching the investigation and undertook it for an "authorized purpose." Dist. Ct. Dkt. 226-1, at 347.

and Paul Manafort). This distinction is critical because Mr. Trump cannot recover damages for alleged defects in an FBI investigation that was not even about him.

More generally, like Appellants' pleadings below, the motion for judicial notice of the Durham Report taxes the resources of the parties and the Court. The district court imposed sanctions not simply because the claims were frivolous, but because they were packaged in a 193-page, 819-paragraph complaint "filled with immaterial, conclusory facts not connected to any particular cause of action." Dist. Ct. Dkt. 302, at 7. Here, with the same disregard for judicial economy, Appellants have asked the Court to enlarge the record with the 306-page, single-spaced special counsel report that does not bear on the legal issues in the appeal. Appellants have not even bothered to excerpt portions of the Durham Report they believe are most critical to their case, instead importuning the Court and opposing parties to wade through this dissertation-length document in its entirety. But "judges are not like pigs, hunting for truffles buried in briefs" or the record. *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011); *see also United States v. Morton*, 993 F.3d 198, 204 n.10 (3d Cir. 2021) (similar). Appellants' failure to

identify anything more than a handful of soundbites within the 306-page
Durham Report provides yet another basis for denying the motion. *See
Lodge v. Kondaur Cap. Corp.*, 750 F.3d 1263, 1273 (11th Cir. 2014)
(denying motion for judicial notice where moving party failed to provide
the Court necessary information under Rule 201, such as screenshots of
the websites at issue).

## II. Appellants Cannot Satisfy Rule 201(b)'s Requirements for Judicial Notice Because the Durham Report's Findings Are Subject to Dispute.

The Court should deny the motion for judicial notice for the
independent reason that Appellants cannot satisfy the requirements of
Federal Rule of Evidence 201(b). That rule permits federal courts to
notice "a fact that is not subject to reasonable dispute," either because it
(1) is "generally known within the trial court's territorial jurisdiction" or
(2) "can be accurately and readily determined from sources whose
accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2).
"Indisputability is a prerequisite" to judicial notice under this rule.
*Grayson v. Warden, Comm'r, Ala. Dep't of Corr.*, 869 F.3d 1204, 1225
(11th Cir. 2017). Appellants cannot satisfy that standard because the
Durham Report contains contested findings and conclusions that bear

little resemblance to the sort of incontrovertible facts—*e.g.*, "when does the sun rise or set" or "who was president in 1958"—of which courts take notice under Rule 201. *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (en banc).

The Durham Report asserts, for example, that its "investigation showed" that appellee Michael Sussmann, a former partner at Perkins Coie LLP and an outside lawyer for the Clinton campaign, made a "false" representation to the FBI that he was "acting on his own" and "not representing any client" when he furnished information concerning Mr. Trump. Durham Rep. 16. The special counsel indicted Mr. Sussmann on a single charge of making a false statement—but a jury unanimously acquitted him at trial. *Id.* at 287.

Likewise, the Durham Report states that appellee Igor Danchenko "never spoke" to an alleged source of information contained in the Steele Dossier and instead "fabricated" that information. Durham Rep. 16. The special counsel indicted Mr. Danchenko on four counts of making false statements about the same thing—and, again, a jury unanimously acquitted him on all counts. *Id.* at 238. A fifth count against Mr. Danchenko for making a false statement about appellee Charles Halliday

- 13 -

Dolan, Jr. was dismissed for insufficient evidence under Federal Rule of Criminal Procedure 29. *Id.* As to Mr. Sussmann and Mr. Danchenko, then, the report contains only unproven allegations rejected by separate federal juries, not the sort of indisputable facts subject to judicial notice under Rule 201(b). *See Blash v. City of Hawkinsville & Pulaski Cnty.*, 2018 WL 2247246, at *2 n.4 (M.D. Ga. May 16, 2018) (taking judicial notice of criminal indictment for the "limited purpose that the indictment exists," while declining to take notice of allegations contained in the indictment).

Similarly, the Durham Report contains disputed inferences concerning Mr. Dolan that are not a proper subject of judicial notice. Based on hearsay and disparate bits of information gathered during the special counsel's investigation, the Durham Report conjectures that "there appears to be a real likelihood that Dolan was the actual source of much of the Ritz Carlton and Pavlov information contained in the Steele Reports." Durham Rep. 148. This bare speculation does not come close to satisfying Rule 201's requirements for judicial notice.

Appellants counter (at 3–5) that federal courts routinely take notice of "agency records and reports" like Durham's, but the cases they cite

undermine rather than support their position.  Appellants rely on cases in which this Court took notice of procedural developments in cases from other jurisdictions.  In *Rothenberg v. Security Management Co.*, 667 F.2d 958 (11th Cir. 1982), for example, the Court noted that a directed verdict had been entered against the plaintiff in other litigation, *id.* at 961 & n.8. And in *Coney v. Smith*, 738 F.2d 1199 (11th Cir. 1984) (per curiam), the Court recognized that a state court had previously considered a question the appellant was seeking to relitigate in federal court, *id.* at 1200.  These cases reflect the well-established principle that "a court may take judicial notice of . . . the *fact* of" other "litigation and related filings," but not "the *truth* of the matters asserted in the other litigation."  *Jones*, 29 F.3d at 1553 (emphases added).

Here, by contrast, Appellants are attempting to use Rule 201(b) to do precisely what this Court forbids.  They argue (at 3, 9) that the Court should take notice of the Durham Report because it "lends credence . . . to President Trump's factual claims" and shows that their allegations are "plausible."  But the only way the report could possibly bear on the credibility or plausibility of Mr. Trump's allegations is if the Court accepts its contents as true.  As *Jones* and other cases make clear,

however, Rule 201(b) is not a vehicle for courts to accept "the truth of the matters asserted in . . . other litigation," including the discredited criminal allegations brought by Mr. Durham. *Grayson*, 869 F.3d at 1225 n.50.[2]

Appellants (at 4) also liken the Durham Report to the final report of the House Select Committee that investigated the January 6, 2021 attack on the U.S. Capitol, which a federal district court noticed in *United States v. MacAndrew*, 2023 WL 196132, at *2 n.1 (D.D.C. Jan. 17, 2023). But, once again, that case could not be more different. The *MacAndrew* court took notice only of certain "background information" contained in the Committee report, not its findings and conclusions, and only after the court informed the parties it would rely on the report and they "did not object." *Id.* That case provides no support for Appellants' position that this Court should rely on the Durham Report's disputed findings and conclusions to assess the plausibility of Mr. Trump's allegations.

---

[2] Compare this with the district court's properly taking notice of Mr. Trump's tweets below "not for the truth of their contents but for what they reveal about Plaintiff's knowledge," an appropriate (and unobjected-to) use of judicial notice. Dist. Ct. Dkt. 267, at 25.

### III. Appellants Have No Basis for a Stay to Obtain an Indicative Ruling from the District Court.

This Court should also reject Appellants' alternative argument that, if the Court declines to take notice of the Durham Report, it should stay this appeal to allow Appellants to seek an indicative ruling from the district court under Federal Rule of Civil Procedure 62.1. That rule permits the district court to indicate that it would grant relief from its judgment under Rule 60 if the court of appeals were to remand "for that purpose." Fed. R. Civ. P. 62.1 Advisory Comm. Note; *see also In re Zantac (Ranitidine) Prods. Liab. Litig.*, 2023 WL 2325536, at *3 (S.D. Fla. Mar. 2, 2023). Any such request to the district court in this case would be futile and would only create needless delay. The district court carefully analyzed Mr. Trump's lengthy complaint and found that his claims were "completely frivolous." Dist. Ct. Dkt. 302, at 6. Appellants have pointed to nothing in the Durham Report that might cause the district court to revisit its conclusion that Mr. Trump failed to state a claim and that he and his lead counsel brought this suit "in bad faith for an improper purpose." *Id.*

Appellants, in any event, have failed to comply with the Court's procedures for seeking a stay in service of a Rule 62.1 motion. Circuit

Rule 12.1-1 provides that a party must move for a stay in this Court no later than 14 days after filing a motion for an indicative ruling "in the *district court*." Mot. 12 (emphasis added). Because Appellants have not brought such a motion in the district court, they have no basis for seeking a stay here.

## CONCLUSION

For the reasons given above, this Court should deny the motion to take judicial notice of the Durham Report and deny the alternative request for a stay.

Dated:  July 11, 2023

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *F. Joseph Warin*
    F. Joseph Warin

Nancy E. Hart
200 Park Avenue
New York, NY 10166-0193
Tel:  212.351.4000
Fax:  1 212.351.6273
nhart@gibsondunn.com

F. Joseph Warin
Katherine Moran Meeks
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Tel:  202.955.8500
Fax:  202.467.0539
fwarin@gibsondunn.com

*Attorneys for Perkins Coie LLP*

David Oscar Markus
MARKUS/MOSS PLLC
40 NW 3rd Street, PH 1
Miami, FL 33128
Tel:  (305) 379-6667

David E. Kendall
Katherine M. Turner
Michael J. Mestitz
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Tel:  (202) 434-5000
Fax:  (202) 434-5029
dkendall@wc.com

*Attorneys for Hillary Rodham Clinton*

/s/ Robert P. Trout
Robert P. Trout
Paola Pinto (Fla. Bar No. 1013933)
SCHERTLER ONORATO MEAD
& SEARS
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
Tel:  (202) 628-4155
rtrout@schertlerlaw.com
ppinto@schertlerlaw.com

*Attorneys for HFACC, Inc. and John Podesta*

/s/ Gerald Edward Greenberg
Gerald E. Greenberg
Florida Bar No. 440094
ggreenberg@gsgpa.com
GELBER SCHACHTER
&GREENBERG, P.A.
SunTrust International Center
One Southeast Third Avenue,
Suite 2600
Miami, FL 33131-1715
Tel:  (305) 728-0950
efilings@gsgpa.com

/s/ Roberta A. Kaplan
Roberta A. Kaplan
Shawn G. Crowley
Kaplan Hecker & Fink LLP
350 5th Avenue, 63rd Floor
New York, NY 10118
Tel:  (212) 763-0883
rkaplan@kaplanhecker.com
scrowley@kaplanhecker.com

Carmen Iguina González
Kaplan Hecker & Fink LLP
1050 K Street NW, Suite 1040
Washington, D.C. 20001
Phone: (212) 763-0883
ciguinagonzalez@kaplanhecker.com

*Attorneys for Democratic National Committee, DNC Services
Corporation, and Debbie Wasserman Schultz*

- 20 -

/s/ Debbie P. Klauber

Debbie P. Klauber
  (Fla. Bar No. 55646)
HALICZER, PETTIS &
SCHWAMM
One Financial Plaza
100 S.E. 3rd Ave., Seventh Floor
Fort Lauderdale, FL 33394
Tel:  (954) 523-9922

/s/ Reid J. Schar

Reid J. Schar
April A. Otterberg
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Tel:  (312) 222-9350

*Attorneys for Marc Elias*

/s/ Roberto Martinez

Roberto Martínez
  (Fla. Bar No. 305596)
Zachary Lipschultz
  (Fla. Bar No. 123594)
COLSON, HICKS, EIDSON, P.A.
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Tel:  (305) 476-7400
bob@colson.com
zach@colson.com

/s/ Sean M. Berkowitz

Sean M. Berkowitz
LATHAM & WATKINS LLP
330 N. Wabash, Suite 2800
Chicago, IL 60611
Tel:  (312) 876-7700
sean.berkowitz@lw.com

/s/ Stephen P. Barry

Stephen P. Barry
LATHAM & WATKINS LLP
555 Eleventh Street NW
Suite 1000
Washington, DC 20004
(202) 637-2200
stephen.barry@lw.com

*Attorneys for Michael Sussmann*

/s/ Jonathan Edward Levine
Jonathan Edward Levine
  (Fla. Bar No. 937711)
Levine & Associates, PLLC
5311 Lee Highway
Arlington, VA 22207
Tel:  (703) 525-2669

/s/ George R.A. Doumar
George R.A. Doumar
Mahdavi, Bacon, Halfhill &
Young PLLC
11350 Random Hills Road
Suite 700
Fairfax, VA 22030
Tel:  (703) 352-1300

*Attorneys for Charles Halliday Dolan, Jr.*

/s/ Brian L. Stekloff
Brian L. Stekloff
Sarah E. Neuman
WILKINSON STEKLOFF LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  (202) 847-4000
bstekloff@wilkinsonstekloff.com
sneuman@wilkinsonstekloff.com

/s/ William R. Barzee
William R. Barzee
  (Fla. Bar No. 158720)
BARZEE FLORES
Courthouse Center
Penthouse One
40 NW Third Street
Miami, FL 33128
Tel:  (305) 374–3998
williambarzee@barzeeflores.com

*Attorneys for Jake Sullivan*

/s/ Andrew J. Ceresney
DEBEVOISE & PLIMPTON LLP
Andrew J. Ceresney
Wendy B. Reilly
66 Hudson Boulevard
New York, NY 10001
Tel:  (212) 909-6000
aceresney@debevoise.com
wbreilly@debevoise.com

/s/ William R. Barzee
William R. Barzee
  (Fla. Bar No. 158720)
BARZEE FLORES
Courthouse Center
Penthouse One
40 NW Third Street
Miami, FL 33128
Tel:  (305) 374–3998
williambarzee@barzeeflores.com

*Attorneys for Robert E. Mook*

/s/ Adam S. Fels
Adam S. Fels
FRIDMAN FELS & SOTO PLLC
2525 Ponce de Leon Blvd.
Suite 750
Coral Gables, FL 33134
Tel:  305-569-7701
afels@ffslawfirm.com

*Attorney for Fusion GPS, Peter Fritsch, and Glenn Simpson*

/s/ Joshua Berman
Joshua Berman
CLIFFORD CHANCE US LLP
2011 K Street, NW
Washington, D.C.  20006
Tel. (202) 912-5000
Fax (202) 912-6000
Joshua.Berman@CliffordChance.com

/s/ Benjamin Peacock
Benjamin Peacock
CLIFFORD CHANCE US LLP
New York, New York 10019
Tel. (212) 878-8000
Fax (212) 878-8375
Benjamin.Peacock@CliffordChance.com

/s/ Adam Fels
Adam Fels
   (Fla. Bar No. 0114917)
FRIDMAN FELS &
SOTO, PLLC
2525 Ponce de Leon Blvd.,
Suite 750
Coral Gables, FL  33134
Tel. (305) 569-7701
Afels@ffslawfirm.com

*Attorneys for Bruce Ohr and Nellie Ohr*

/s/ Franklin Monsour Jr.

Franklin Monsour Jr.
ORRICK, HERRINGTON &
SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-3512
Fax: (212) 506-5151
fmonsour@orrick.com

/s/ Diana Marie Fassbender

Diana Marie Fassbender
   (Fla. Bar No. 17095)
ORRICK, HERRINGTON &
SUTCLIFFE LLP
1152 15th Street N.W.
Washington, DC 20005-1706
Tel: (202) 339-88533
dszego@orrick.com

*Attorneys for Igor Danchenko*

/s/ Samantha L. Southall

Samantha L. Southall
BUCHANAN INGERSOLL &
ROONEY PC
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
Tel: (215) 665 8700
Fax (215) 667 8760
samantha.southall@bipc.com

/s/ Jennifer Olmedo Rodriguez

Jennifer Olmedo Rodriguez
   (Fla. Bar No. 605158)
BUCHANAN INGERSOLL &
ROONEY PC
2 South Biscayne Blvd.
Suite 1500
Miami, Florida 33131
Tel: (305) 347 4080
jennifer.olmedo-
rodriguez@bipc.com

*Attorneys for Neustar, Inc.*

/s/ John M. McNichols

John M. McNichols
Allison S. Eisen
Kathryn E. Garza
WILLIAMS & CONNOLLY LLP
680 Maine Ave, S.W.
Washington, D.C. 20024
Tel: (202) 434-5000
jmcnichols@wc.com

/s/ James E. Gillenwater

James E. Gillenwater
   (Bar No. 1013518)
GREENBERG TRAURIG P.A.
333 SE 2nd Ave., Suite 4400
Miami, FL 33131
Tel: (305) 579-0500
Fax: (305) 579-0717
gillenwaterj@gtlaw.com

*Attorneys for Neustar Security Services*

/s/ Edward Soto

Edward Soto (Fla. Bar No. 0265144)
WEIL GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Tel:  (305) 577-3100
Fax:  (305) 374-7159

/s/ Steven A. Tyrrell

Steven A. Tyrrell
WEIL GOTSHAL & MANGES LLP
2001 M Street, N.W., Suite 600
Washington, D.C. 20036
Tel:  (202) 682-7000
Fax:  (202) 857-0940

*Attorneys for Rodney Joffe*

# CERTIFICATE OF COMPLIANCE

This opposition complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,504 words.

This opposition also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point, Century Schoolbook font.


Dated:  July 11, 2023                    */s/ David Oscar Markus*
                                                    David Oscar Markus

## CERTIFICATE OF SERVICE

I hereby certify that, on July 11, 2023, a copy of the foregoing opposition brief was filed with the Clerk of Court using this Court's CM/ECF system, which will serve a copy on all counsel of record.


*/s/ David Oscar Markus*
David Oscar Markus