# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14102-CV-MIDDLEBROOKS

DONALD J. TRUMP,

    Plaintiff,

v.

HILLARY R. CLINTON, et al.,

    Defendants.

_____/

## ORDER DISMISSING MOTION TO DISQUALIFY

On August 14, 2023, while an appeal was pending, and after the appeal was stayed for the purpose of seeking an indicative ruling for relief from judgment pursuant to Federal Rule of Civil Procedure 62.1, Movants filed a Motion to Disqualify. (DE 335). Given the limited remand by the Court of Appeals, I do not believe I have jurisdiction to consider the motion absent further authorization. Moreover, if the remand permits an indicative ruling, I would not grant the motion and do not believe it raises a substantial issue.

**I.**     **Background**

On October 11, 2022, Plaintiff, Donald J. Trump appealed my order of September 8, 2022 (DE 267) granting the United States' Motions to Dismiss (DE 224, DE 256); Defendants Charles Halliday Dolan, Jr., Rodney Joffe and Orbis Business Intelligence, Ltd.'s Motions to Dismiss (DE 225, DE 227, DE 260), and the Defendants' Joint Motion to Dismiss under Rule 12(b)(6) (DE 226), and dismissing Plaintiffs' Amended Complaint (DE 177) in its entirety. Then on December 9, 2022, an appeal was noticed (DE 291) by Alina Habba, Michael T. Madaio, Peter Ticktin, Jamie A. Sasson, and the Ticktin Law Group from my Order entered November 10, 2022 granting

Charles Dolan's Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure (DE 284). Finally, on February 6, 2023, Alina Habba, Habba Madaio & Associates, and Donald J. Trump appealed my Order dated January 19, 2023 granting sanctions against them (DE 302). The appeals were consolidated on March 31, 2023. *See* U.S. Eleventh Circuit Court of Appeals Case no. Case No. 22-13410 ("USCA11") Document 77.

On June 9, 2023, the Appellants filed their initial brief. (USCA11 Document 83). On the same date, they filed a Motion for Judicial Notice or in the Alternative Motion for Stay in the Court of Appeals. (USCA11 Document 81). The Appellants asked the Court of Appeals to take notice of a Report on Matters Related to Intelligence Activities and Investigations Arising Out of the 2016 Presidential Campaigns (The Durham Report) which was publicly released on May 12, 2023. (*Id.*) Alternatively, they asked the Court of Appeals to "stay all proceedings so that Appellants may promptly make a Rule 62.1 motion in the district court for an indicative ruling concerning relief from judgment pending appeal." (*Id.* at 11-12); (DE 331 at 12). Notably, the appellants did not ask the Court of Appeals to transfer any such motion to another district judge.

On July 13, 2023, the Court of Appeals entered the following Order:

> Appellant's motion for judicial notice or to stay the appeal pending an indicative ruling from the district court is GRANTED to the extent that this Court STAYS this appeal pending Appellant seeking an indicative ruling below-within fourteen days of this Order.
>
> Appellant is DIRECTED to file status reports with this Court regarding the proceedings below on the 15th day of each month, beginning on August 15, 2023.

(USCA 11 Document 108).

On July 27, 2023, Plaintiff's and Plaintiff's Attorneys' Motion for Indicative Ruling Based on New Evidence was filed. (DE 331). Responses in opposition to the motion were filed by several of the defendants on August 10, 2023. (DE 332, 333, and 334).

2

Then on August 14, 2023, this Motion to Disqualify was filed. (DE 335). Responses were filed on August 28, 2023, and a reply was filed on September 5, 2023. (DE 337, DE 338, DE 339).

On August 15, 2023, the Appellants filed their first Status Report pursuant to the Court of Appeals July 13, 2023 Order. (USCA 11 Document 112). While they reported the filing of the Motion for Indicative Ruling and the briefing schedule with respect to that motion, they did not report filing of the Motion to Disqualify. The Appellants have also failed to serve and file a motion to further stay the appeal within 14 days after filing the motion as required by the Eleventh Circuit Rule 12.1-1.

This is the second motion to disqualify filed by the Plaintiff/Appellants. On April 4, 2022, the Plaintiff filed a motion seeking my disqualification because I was appointed to the federal bench by former President Bill Clinton, the spouse of Defendant Hillary Clinton. (DE 21). I denied that motion, finding no legal support for his arguments. (DE 30). No appeal was taken from that Order.

## II. Discussion

### A. Jurisdiction

Upon the filing of an appeal, the District Court is divested of jurisdiction over the matter. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divest the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982). Once an appeal is filed, district courts only "retain the authority to act in aid of the appeal, to correct clerical mistakes or to aid in the execution of a judgment that has not been superseded." *Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, Inc.,* 895 F.2d 711, 713 (11th. Cir. 1990).

3

Plaintiff's Notice of Appeal on February 6, 2023, divested this court of its jurisdiction over the case. Eleventh Circuit Rule 12.1-1 permits district courts to have limited jurisdiction during an appeal only when a party files a motion in the Eleventh Circuit "to stay the appeal until the district court rules on the motion before it." 11th Cir. R. 12.1-1 (a). Parties who file motions in the district court must "within 14 days after filing the motion" follow these procedures for the district court to have jurisdiction. *Id.* Plaintiff properly followed these procedures with a motion in the Eleventh Circuit for a stay to file an indicative ruling on the potential impact of the Durham Report. (USCA11 Document 81). He did not, however, file a motion to stay the appeal for a motion to disqualify. Further, fourteen days have passed since he filed the motion to disqualify, and he has not filed a motion in the Eleventh Circuit to stay the appeal to allow me to rule on it. As a result of Plaintiff's partial adherence with these rules, the Eleventh Circuit only stayed the appeal "pending Appellant seeking an indicative ruling below." (USCA11 Document 108).

Plaintiff admits in his own briefing that the "Eleventh Circuit issued an order staying the consolidated appeal so that Plaintiff and Plaintiff's counsel may seek an indicative ruling from this Court," and that this Court now "regain[s] jurisdiction over this case to consider the Durham Report in connection with President Trump's Amended Complaint." (DE 331 at 7). Plaintiff made no such procedural showing in his Motion to Disqualify. (DE 335).

Without a full remand from the Eleventh Circuit, I perceive my jurisdiction to be limited in scope. *IOU Cent., Inc. v. Premier Metals Recovery LLC*, 594 F. Supp. 3d 1350, 1352 (D.E. Ga. 2022), appeal dismissed (11th. Cir., 2022) (finding that without a proper move to stay its appeal in accordance with Rule 12.1-1(c) the district court should have denied Plaintiff's motion for reconsideration for lack of jurisdiction). Based on the limited scope of the Eleventh Circuit Order, and Plaintiff's failure to follow the procedural rules of 12.1-1, I lack jurisdiction to hear this issue.

4

### B. Merits

If the remand allows for an indicative ruling on the Motion to Disqualify, I would deny it.

The leading case is *Liteky v. United States*, 510 U.S. 540 (1994). There Justice Scalia wrote:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep sorted favoritism or antagonism that would make fair judgment impossible.

*Liteky*, 510 U.S. at 555 (citations omitted).

Quoting Judge Jerome Frank, he stated "[i]mpartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." *Id.* at 551, citing *In re J.P. Linehan, Inc.*, 138 F.2d 650, 654 (2nd Cir. 1943). Of particular resonance here, he also said: "[a]lso not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand." *Liteky,* 510 U.S. at 551.[1]

---

[1] None of the Eleventh Circuit decisions cited by movants support disqualification. *See Bivens Gardens Office Bldg. v. Barnetts Barks, Inc.,* 140 F.3d 898 (11th Cir. 1998) (judicial rulings and negative comments about Miami lawyers "fails to even approach" level to demonstrate pervasive bias and prejudice); *Hamm v. Members of Bd. Of Regents*, 708 F.2d 647 (11th Cir. 1983) (neither a trial judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias); *In re Evergreen Sec. Ltd.,* 570 F.3d 1257 (11th Cir. 2009) (affirming sanctions imposed by bankruptcy judge under inherent authority for drafting, filing and litigating a recusal motion and finding no basis for recusal). The only Eleventh Circuit

5

Movants complain that I "went above and beyond" the defendants' arguments and conducted "extrajudicial research."[2] This seems to be a pejorative misnomer. In my two orders on sanctions, I conducted limited independent judicial research, in every instance in response to arguments made by the Parties. I looked at judicial decisions, legal filings, and statements not subject to dispute and directly made by Mr. Trump and his lawyers. In each instance I cited the source for the information.

From their very first filing, the Defendants contended that the case was frivolous and brought for an improper purpose: "[w]hatever the utility of Plaintiff's Complaint as a fundraising

---

case which found recusal required and which movants argued excused their untimely filing was where the trial judge learned during trial of a witness whose wife was a close personal friend of the judge's wife, spoke to the witness' wife about it in chambers, and then argued with his own wife about the situation. *United States v. Kelly*, 888 F.2d 732 (11th Cir. 1989). That case has no relevance here, either on disqualification or timeliness.

[2] As legal authority for disqualification under this theory, movants cite a Ninth Circuit case, *United States v. Carey*, 929 F.3d 1092 (9th. Cir. 2019). The facts there are starkly different. A magistrate judge heard the evidence at a bench trial, took the matter under advisement, and then cited a newspaper article discussing the case and the defendant in his decision. The Ninth Circuit held that it was not an abuse of discretion to deny recusal.

In deciding sanctions under Rule 11 and under a court's inherent powers other litigation and conduct outside the courtroom is directly relevant. The Eleventh Circuit has held that a court has the inherent power to investigate the scope and extent of conduct that threatens the integrity of the administration of justice. *Johnson v. 27th Ave Caraf. Inc.,* 9 F.4th 1300, 1313 (11th. Cir. 2021) (affirming sanctions upon a "serial ADA case filer having filed in the Southern District of Florida alone 26 gas pump complaints and 131 ADA complaints in a five-year period.) *See also*, *O'Neal v. Allstate Indem. Ins. Co.,* 2021 U.S. App. LEXIS 3125, 2021 WL 4852222 *5 (unpublished) ("[T]he district court here did the heavy lifting and documented Plaintiff's abusive tactics across numerous forums over many years."). The Eleventh Circuit itself has examined other litigation in affirming sanctions. *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386 (11th. Cir. 1993) (affirming sanctions where appellant and his son filed more than two dozens appeals in the previous ten years and stating that "[t]he clerk also reports that a search of some but not all of the files" of the Southern District of Florida revealed appellants had filed or attempted to file "at least thirteen lawsuits in that district court alone."). In determining a pattern of conduct examination of other litigation is both appropriate and necessary.

tool, a press release, or a list of political grievances, it has no merit as a lawsuit and should be dismissed with prejudice." (DE 52 at 7). Pointing to his litigation against Letitia James, the Attorney General of New York, Twitter, CNN and the New York Times, the Defendants described Mr. Trump as a serial litigant who brought cases against his perceived foes for political and fundraising purposes. In their filings, the Plaintiff referenced the DOJ Inspector General Report on the Crossfire Hurricane Investigation, The Mueller Report, the indictments of Mr. Danchenko and Mr. Sussman, a letter from John Ratcliff to Senator Lindsey Graham, and the Justice Department announcement of the appointment of the Special Counsel. I read all of the filings and each of the documents. I have now also had the opportunity to read the Durham Report.

The Letitia James case was filed in state court in Palm Beach County, removed to federal court, and assigned to me. In large part the complaint was copied verbatim from that filed and dismissed in federal court in New York. On the day after it was filed Mr. Trump posted a statement on Truth Social attacking the New York state court judge before whom the civil action being brought by A.G. James was pending. Mr. Trump said it was vital for courts in both New York and Florida "to do the right thing and stop this inquisition."[3] I denied the Emergency Motion for Temporary Injunction because none of the prerequisites for an injunction were met, and the attempt to sidestep rulings by the New York courts by suing A.G. James personally was plainly frivolous. I also said that the litigation had all the telltale signs of being both vexatious and frivolous.

The CNN and Twitter litigations were filed in the Southern District of Florida and assigned to other judges. In my order, I quoted the fundraising appeals made by Mr. Trump which accompanied the filings. The Twitter complaint was also relevant to the sanctions order because

---

[3] @realDonaldTrump, Truth Social (Nov. 2, 2022, 5:51 PM), https://truthsocial.com/@realDonaldTrump/posts/109282083674316908.

there Mr. Trump blamed his suspension from Twitter on Democratic Members of Congress, Vice President Harris and Michelle Obama; in the Amended Complaint before me he said Ms. Clinton was responsible.

I also directly quoted the demand letters sent by Mr. Trump's lawyers, his statement announcing his intention to sue, and the complaint filed in state court in Okeechobee, Florida, against the individual members of the Pulitzer Prize Board.

Based upon the arguments of counsel, and the work I did, I came to firm conclusions and expressed them carefully in each of the three orders. Different legal standards were applicable to the motions to dismiss and the motions for sanctions. I did not comment on the merits of any undecided case and where cases had been decided, in whole or in part, I directly quoted from the respective orders.

The case before me was frivolous, its purpose was improper and part of a pattern of behavior harmful to the Rule of Law. Article III judges have an obligation to protect the administration of justice from abuse.

## Conclusion

For the reasons stated above, the Motion to Disqualify (DE 335) is dismissed for lack of jurisdiction. If the remand allows for an indicative ruling, I would deny the motion.

**SIGNED** in Chambers at West Palm Beach, Florida this 15th day of September, 2023.

_____
Donald M. Middlebrooks
United States District Judge

cc:   Counsel of Record