IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 22-13410
(CONSOLIDATED WITH CASE NOS: 22-14099; 23-10387; 23-13177)

DONALD J. TRUMP,

*Plaintiff-Appellant,*

v.

HILLARY R. CLINTON, et al.,

*Defendants-Appellees.*

APPELLEE'S REPLY IN SUPPORT OF MOTION FOR DAMAGES
AND COSTS UNDER FED. R. APP. P. 38

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CV-14102
(THE HONORABLE DONALD M. MIDDLEBROOKS, J.)

Enjoliqué Aytch Lett
Akiesha Gilcrist Sainvil
Greenberg Traurig, P.A.
Wells Fargo Center, Suite 4400
333 Southeast Second Avenue
Miami, Florida 33131
Telephone: 305.579.0500
Enjolique.Lett@gtlaw.com
Akiesha.Sainvil@gtlaw.com

*Counsel for Appellee Orbis Business Intelligence Ltd.*

*Trump v. Clinton, et al., Nos. 22-13410, 22-14099, 23-10387, & 23-13177*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, Defendant-Appellee Orbis Business Intelligence Ltd. provides this list, which includes the trial judge, and all attorneys, persons, associations of persons, firms, partnerships or corporations that have an interest in the outcome of this review:

ABC Corporations

Aytch Lett, Enjoliqué Dion

Barry, Stephen

Barzee, William R.

Berkowitz, Sean M.

Berman, Joshua Adam

Binnall, Jesse R.

Ceresney, Andrew J.

Clattenburg, Rachel

Clinton, Hillary R.

Crenny, Kevin P.

Crowley, Shawn Geovjian

Danchenko, Igor

*Trump v. Clinton, et al.*
**Case No. 22-13410**

**CERTIFICATE OF INTERESTED PERSONS AND
<u>CORPORATE DISCLOSURE STATEMENT</u>**
(Continued)

Democratic National Committee

DNC Services Corporation

Does, John

Dolan, Jr., Charles Halliday

Doumar, George R.A.

Eisen, Allison

Elias, Marc

Erickson-Pogorzelski, Anthony

Fassbender, Diana Marie

Feldman, Maximillian

Fels, Adam Seth

Fritsch, Peter

Fusion GPS

Garcez, Isabela M.

Garza, Kathryn E.

Gillenwater, James E.

Greenberg, Gerald Edward

Habba, Alina

Habba Madaio & Associates

***Trump v. Clinton, et al.***
**Case No. 22-13410**

**CERTIFICATE OF INTERESTED PERSONS AND**
**<u>CORPORATE DISCLOSURE STATEMENT</u>**
(Continued)

Harrington, Howard J.

Hart, Nancy E.

HFACC, Inc.

Howard, Eleni Kastrenakes

Hunt, Honorable Patrick

Iguina Gonzalez, Carmen

Joffe, Rodney

Kaplan, Roberta A.

Kendall, David Evan

Klauber, Debra Potter

Levine, Jonathan Edward

Levy, Joshua

Lipshultz, Zachary Andrew

Madaio, Michael T.

Markus, David Oscar

Martinez, Roberto

McNichols, John Marcus

Meeks, Katherine Moran

Mestitz, Michael

*Trump v. Clinton, et al.*
**Case No. 22-13410**

**CERTIFICATE OF INTERESTED PERSONS AND**
**<u>CORPORATE DISCLOSURE STATEMENT</u>**
(Continued)

Middlebrooks, Honorable Donald M.

Monsour, Jr., Franklin George

Mook, Robert E.

Neuman, Sarah E.

Neustar Security Services

Neustar, Inc.

Ohr, Bruce

Ohr, Nellie

Olmedo-Rodriguez, Jennifer

Orbis Business Intelligence, Ltd.

Otterberg, April A.

Peacock, Benjamin

Perkins Coie LLP

Pettis, Eugene K.

Pinto, Paola

Podesta, John

Reines, Phillipe

Reilly, Wendy B.

Roberts, Jared Joseph

*Trump v. Clinton, et al.*
**Case No. 22-13410**

**CERTIFICATE OF INTERESTED PERSONS AND**
**<u>CORPORATE DISCLOSURE STATEMENT</u>**
(Continued)

Sainvil, Akiesha Renee Gilcrist

Sasso, James

Sasson, Jamie Alan

Schar, Reid J.

Schultz, Deborah Wasserman

Sigler, Geoffrey M.

Simpson, Glenn

Soto, Edward

Southall, Samantha

Steele, Christopher

Stekloff, Brian L.

Sullivan, Jake

Sussmann, Michael

Terrell, Stephen R.

Ticktin Law Group

Ticktin, Peter David

Trout, Robert P.

Trump, Donald J.

Turner, Katherine M.

*Trump v. Clinton, et al.*
**Case No. 22-13410**

## CERTIFICATE OF INTERESTED PERSONS AND <u>CORPORATE DISCLOSURE STATEMENT</u>

(Continued)

Tyrrell, Steven

Warin, Francis Joseph

Wylie, John W.

***Trump v. Clinton, et al.***
**Case No. 22-13410**
**CERTIFICATE OF INTERESTED PERSONS AND**
**<u>CORPORATE DISCLOSURE STATEMENT</u>**
(Continued)

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3 and 27-1(6), Appellee Orbis Business Intelligence Ltd. makes the following statement as to its corporate ownership: Orbis Business Intelligence Ltd. is a private limited corporation formed under the laws of England and wholly owned by Orbis Business International Ltd., which is also a private limited corporation formed under the laws of England.

_/s/ Enjoliqué Aytch Lett_
Enjoliqué Aytch Lett

## APPELLEE'S REPLY IN SUPPORT OF MOTION FOR DAMAGES AND COSTS PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 38

Appellee Orbis Business Intelligence Ltd. ("Orbis"), pursuant to Federal Rules of Appellate Procedure 38 and 27, respectfully submits this Reply in Support of its Motion for Damages and Costs against Appellant Donald J. Trump ("Trump").

Trump's fanciful Response in Opposition to Orbis' Motion for Damages and Costs Pursuant to Federal Rule of Appellate Procedure 38 ("Response"), in which he dodges the issues raised in the Motion for Damages and Costs Under Federal Rule of Appellate Procedure 38 (the "Motion") or otherwise reimagines his pleading with allegations never pled, demonstrates that an award for attorneys' fees and costs incurred in this appeal is appropriate. Rather than addressing the issues raised in the Motion head on, namely that, based on his own pleading and briefing, Trump knew that the district court did not and never would have personal jurisdiction over Orbis where the only basis of personal jurisdiction that Trump pled as to Orbis was that its "acts and omissions, as identified in this lawsuit, arise out of or relate to its conduct in and/or affecting, among other jurisdictions, Florida."

1

(DE:177:¶32). Tellingly, Trump never pled jurisdiction via RICO's nationwide service of process provision and only raised that ground for jurisdiction for the first time in his Memorandum of Law in Opposition to Orbis' Motion to Dismiss the Amended Complaint, undermining any argument Trump is trying to assert that Orbis waived its related argument by failing to raise in its initial Motion to Dismiss the Amended Complaint.

Trump's other arguments, in which he addresses general principles of service and personal jurisdiction under the RICO statute where a cognizable RICO claim has been pled and "conspiracy jurisdiction" (which was never pled and fails for other reasons), betray him by revealing that he has no legally tenable basis to refute that his conduct is sanctionable. Accordingly, none of Trump's arguments state any basis for Orbis to have remained in this lawsuit, much less any basis to appeal the dismissal of Orbis from the lawsuit.

## I.    The Appeal Remains Frivolous Because Trump Cannot But Nevertheless Continues to Rely On the RICO Statute.

Trump's statement, "Orbis's contention, that seeking reversal of a dismissal order is frivolous because a plaintiff injured in the United States by a RICO conspiracy is barred from obtaining personal

jurisdiction over the sole foreign conspirator, was not adopted by the district court," (Resp. at 1) misapprehends Orbis' argument and this misapprehension dooms his argument.

As an initial matter, Orbis is a unique party to this litigation insofar as it is the sole foreign party, and accordingly, using Trump's own argument to the trial court, jurisdiction over it by the Florida federal court could only have been obtained through Florida's long-arm statute or the RICO nationwide service provision of 18 U.S.C. § 1965(b). Accordingly, Orbis submitted a separate brief on appeal regarding the issues unique to it, while joining the bases for upholding the district court's order regarding all other issues. Similarly, Orbis has singularly brought this Motion because of the frivolous appeal as to it given its unique situation, notwithstanding the utter lack of a legal or factual basis for Trump's remaining arguments on appeal which are set forth in the Appellee's Joint Brief [*see* CA11:154].

Trump's contention that his appeal is meritorious because personal jurisdiction can be conferred regardless of failing to satisfy the requirements of the Florida long-arm statute through use of the federal RICO statute's nationwide service of process provision because of "conspiracy jurisdiction" is baseless. First, Trump failed to allege a colorable RICO claim at all, even after amending his complaint in light of all of the pleading infirmities he was notified of through the several motions to dismiss; Trump especially failed to allege a colorable RICO

3

claim against Orbis where Orbis was not alleged to be a RICO defendant. (DE:177;¶¶528-618). In *Courboin v. Scott*, the nationwide service of process provision proved ineffective where plaintiff did not state a colorable RICO claim. 596 F. App'x 729, 732-733 (11th Cir. 2014) ("Despite the fact that RICO contains a nationwide service-of-process provision, [plaintiff] is entitled to take advantage of it only if his asserted federal claim is not wholly immaterial or insubstantial.") (internal quotations omitted). That Orbis was alleged to be a RICO conspiracy Defendant does not negate Trump's obligations to state a colorable RICO claim if the RICO statute is his method of obtaining personal jurisdiction.

Second, and important to the specific issue raised in the Motion, any alleged "conspiracy jurisdiction" under the nationwide service of process provision afforded by civil RICO is nullified in this instance where Trump did not follow the dictates of that provision. Accordingly, even if Trump had raised a RICO claim against Orbis in the amended complaint, which he did not, he continues to disregard the fact that he never served Orbis according to the nationwide service of process provision. *See Don't Look Media Ltd. Liab. Co. v. Fly Victor Ltd*., 999 F.3d 1284, 1292 (11th Cir. 2021) ("The problem in this case is that RICO does not provide for personal jurisdiction because [the plaintiff] did not serve any party 'according to' RICO's nationwide service of process provision."). At no point in his opening brief and now Response,

4

did Trump come forth with factual and legal support demonstrating that he served Orbis in the United States. *Id.* at 1293 (quoting *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 941 (7th Cir. 2000)) ("The RICO service of process provision states that service may be made in any judicial district, which indicates that Congress authorized service only in the judicial districts of the United States and not worldwide."). As has become a pattern warranting an award of fees and costs, Trump continues to argue he has personal jurisdiction under 18 U.S.C. § 1965(b) and (d) (Resp. at 2-3), yet fails to come forth with factual and legal support that he served Orbis "in any judicial district of the United States," or "in any judicial district [of the United States] in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(b), (d). Consequently, Trump's reliance on *In re Platinum & Palladium Antitrust Litig.*, 61 F.4th 242, 269 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 681 (2024) is misplaced where Orbis does not contest the general principle that jurisdiction may be established over foreign defendants through co-conspirator claims. However, *In re Platinum & Palladium Antitrust Litig.* does not concern RICO's nationwide service of process provision, nor does the cited principle concern jurisdiction over a foreign defendant pursuant to a state's long-arm statute where the perquisites for jurisdiction are absent, as in this case.

5

Perhaps to avoid admitting that he did not serve Orbis in compliance with the nationwide service of process provision, Trump argues that the district court did not rule on whether the method or manner of service was valid. However, the district court did not rule on this because the issue was rendered moot because Trump never alleged a RICO claim against Orbis and never alleged sufficient facts to bring Orbis within Florida's long-arm statute. Nevertheless, Trump was on notice that his claims against Orbis failed for another reason but brought Orbis in this appeal anyway. If Trump seeks to take advantage of the nationwide service of process provision to establish jurisdiction, he must provide support for his claim. Without it, he brings both an identical personal jurisdiction argument on appeal and a similarly deficient RICO claim. Thus, he is no closer to establishing jurisdiction – in another word, his appeal remains frivolous.

## II. The Appeal Is Meritless Because Trump Brought An Appeal Without Sufficient Legal Or Factual Basis.

### A. Nothing Requires Orbis To Address All Arguments in Appellant's Initial Brief.

Sanctions for a frivolous appeal are warranted when the "appellant disregarded the applicable law and relied on 'clearly frivolous' arguments." *Merritt v. Lake Jovita Homeowner's Ass'n*, 358 F. App'x 47, 50 (11th Cir. 2009)(citing *United States v. Single Family Residence & Real Property*, 803 F.2d 625, 632 (11th Cir. 1986)). As

discussed above, Trump's basis to appeal the dismissal, especially as to Orbis, is frivolous and does not present "an arguable basis for reversal". (Resp. at 7) (citing *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1161 (1985)) given that he cannot state a basis for a Florida federal court to have jurisdiction over Orbis. Nothing more is required for Orbis to bring a motion for damages and costs and Trump has not identified any authority holding otherwise.

### B. Trump's Additional Jurisdictional Defenses Lack Merit.

Trump contends that upon establishing jurisdiction under RICO, the district court would revisit its analysis of the Florida long-arm statute. (Resp. at 8). However, arguing that the district court will revisit his Florida long-arm statute claim while continuing to plead the same defective claims demonstrates that Trump's goal is not to obtain any legitimate legal redress of harm, but to file knowingly groundless claims in order to weaponize legal process against a Orbis. Indeed, Trump brings nothing new to this argument. Instead, he cites two cases stating Florida's long-arm statute can support personal jurisdiction over conspirators when a co-conspirator commits an act in Florida in furtherance of the conspiracy. Neither case supports Trump's position.

The first case, *United Techs. Corp v. Mazer*, denies plaintiff's claim for personal jurisdiction under the Florida long-arm statute because, despite the foreign defendant's managing director physically

being in Florida with the alleged co-conspirators and providing a co-defendant cash to purchase blueprints subject to the allegations at issue, the court reasoned there was no evidence that the foreign defendant conspired to a commit a tort in Florida. 556 F.3d 1260 (11th Cir. 2009). Similarly, here Trump does not allege Orbis conspired to commit a tort *in Florida*.

In *NHB Advisors, Inc. v. Czyzyk*, the court granted personal jurisdiction via the Florida long-arm statute because the alleged co-conspirators of the foreign defendant were residents of Florida and officers of the Florida company at issue. 95 So. 3d 444 (Fla. 4th DCA 2013). Additionally, during their time as officers and directors at the company, they conspired and stole plaintiffs' information in Florida. *Id.* Here, as the district court stated in its Order, none of the torts alleged in Trump's amended complaint "alleged sufficient facts to make out a claim" that the tort was committed in Florida. (DE:267:20). Further, the Order stated, "Plaintiff has not alleged that Defendants 'aimed' any conduct at Florida or could reasonably have anticipated that Plaintiff would be harmed in Florida[.]" *Id.* at 20. Trump's already futile amendment would continue to be futile because there could be no harm *in Florida* based on Trump's theory of the case.

8

### III. Orbis Was Both Permitted And Required To Respond To Trump's Nationwide Service Provision.

Trump incorrectly asserts that Orbis waived its argument when it raised for the first time in its Reply in Support of the Motion to Dismiss the Amended Complaint that personal jurisdiction is not established under the federal RICO statute because he never served Orbis according to RICO's nationwide service of process provision. (Resp. at 10). A review of the record demonstrates the flawed logic of this argument.

Trump never pled jurisdiction via 18 U.S.C. § 1965. The first mention of this, as opposed to jurisdiction due to conduct "in and/or affecting" Florida, was in Trump's Memorandum of Law in Opposition to Orbis' Motion to Dismiss the Amended Complaint. Because of this, Orbis was both permitted and required to address in its Reply in Support of the Motion to Dismiss the Amended Complaint the factual impediment to any such notion of personal jurisdiction using 18 U.S.C. § 1965.

Finally, in a last-ditch effort to avert sanctions, Trump posits that his argument under the nationwide service of process provision would be warranted *if* the RICO claim survives facial merits review and *if* service could be effected in another state under the state's service of process statute. (Resp. at 14). Again, Trump deviates from the real issue through citing cases demonstrating that when a federal court is attempting to exercise personal jurisdiction over a defendant based

9

upon a federal statute providing for nationwide service of process, the relevant analysis is whether the defendant had minimum national contacts. This analysis again misses the point where Orbis is not challenging the effect of properly utilizing a nationwide service of process provision. Rather, Orbis is arguing that Trump did not properly utilize a nationwide service of process where it did not serve Orbis in *this nation*. By attempting to serve Orbis in London, despite the dictates of the statute that it be served in the United States, the assertion that Trump will serve Orbis in another state is as remote as the assertion that Trump will state a RICO claim based on these facts.

## IV.  Orbis' Conduct Does Not Alter Conclusion That Heightened Sanctions Against Trump Are Proper.

In a final effort to deflect from his conduct in bringing a frivolous appeal, Trump attempts to argue the unproven allegations of his amended complaint. Orbis remains focus on the issue upon which it moved – in a vexatious manner, Trump brought a frivolous appeal against it. Because Trump has not shown he did not, double costs remain warranted.

## CONCLUSION

For any and all of the foregoing reasons and authority, Orbis, respectfully requests that this Court award damages and double costs pursuant to Federal Rule of Appellate Procedure 38 and enter an Order for relief, including, but not limited to, an award of attorney's fees

incurred by this Appellee in defending against this Appeal and any such other and further relief as this Court deems just and proper.

Dated:  July 15, 2024                    Respectfully submitted,

                                         /s/ *Enjoliqué Aytch Lett*
                                         Enjoliqué Aytch Lett

                                         Enjoliqué Aytch Lett
                                         Akiesha Gilcrist Sainvil
                                         Greenberg Traurig, P.A.
                                         Wells Fargo Center, Suite 4400
                                         333 Southeast Second Avenue
                                         Miami, Florida 33131
                                         Telephone: 305.579.0500
                                         Enjoliqué.Lett@gtlaw.com
                                         Akiesha.Sainvil@gtlaw.com

                                         *Counsel for Defendant-Appellee,*
                                         *Orbis Business Intelligence Ltd.*

11

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I, Enjoliqué Aytch Lett, counsel for Appellee Orbis and a member of the Bar of this Court, certify that this document complies with the length limit of Fed. R. App. P. Rule 27(d)(2)(C) because this document contains 2288 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) as required by Fed. R. App. P. Rule 27(d)(1)(E) because this document has been prepared using Microsoft Word 2010 in Century Schoolbook, 14-point font.

/s/ *Enjoliqué Aytch Lett*
Enjoliqué Aytch Lett

## CERTIFICATE OF SERVICE

I, Enjoliqué Aytch Lett, counsel for Appellee Orbis and a member of the Bar of this Court, certify that, on July 15, 2024, I electronically filed the foregoing Reply brief with the United States Court of Appeals for the Eleventh Circuit by using the appellate NextGen System. I certify that all participants in the case are registered NexGen users and that service will be accomplished by the appellate NextGen system.

*/s/ Enjoliqué Aytch Lett*
Enjoliqué Aytch Lett

JULY 15, 2024